IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-cr-189-MEF |
| | ) | |
| ALLEN CAPRICE STOUDEMIRE | ) | (WO—Do Not Publish) |

# **MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant Alan Caprice Stoudemire's ("Stoudemire") Motion to Suppress Evidence (Doc. # 122), filed September 2, 2010. Stoudemire was indicted on several counts, four of which remain: manufacturing marijuana, possession of a firearm in furtherance of drug trafficking, possession of cocaine, and possession of marijuana. (Doc. # 5, 128)  Stoudemire moves to suppress the drugs and firearms that were seized from his residence upon execution of a search warrant. (Doc. # 122)  Stoudemire argues 1) that the issuing magistrate's signatures on the affidavit and the search warrant do not match and 2) that the search of his home and seizure of evidence was illegal because the affidavit in support of the search warrant did not reflect sufficient probable cause. *Id.*  After reviewing Stoudemire's motion, the Government's response, and the testimony and exhibits presented at the evidentiary hearing on September 16, 2010, the Court concludes that Stoudemire's motion is without merit and should be DENIED.

First, Stoudemire argues that the signatures of Judge Quattlebaum, the magistrate

who issued the warrant to search Stoudemire's residence, appear mismatched on the search warrant and the affidavit in support of the search warrant. *Id.* After reviewing the copies of the warrant and affidavit presented at the evidentiary hearing, the Court is satisfied that the signatures do indeed match. Additionally, after comparison with several other examples of Judge Quattlebaum's signature, the Court finds that the signatures on the search warrant and the supporting affidavit are those of Judge Quattlebaum.

Second, Stoudemire argues that the affidavit in support of the search warrant did not contain evidence upon which a magistrate could have found probable cause. The Court disagrees.

When determining whether probable cause existed to issue a search warrant, a reviewing court must look to the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 230 (1983). Great deference should be paid, however, to the issuing magistrate's determination of probable cause. *Id.* at 236. Probable cause to support a search warrant exists when the totality of the circumstances indicate a fair probability of finding contraband or evidence at a particular location. *Id.* at 230; *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).

The testimony elicited at the evidentiary hearing indicates that on the night of January 29, 2009, Agent Culbreath had information which he believed supported probable cause. Culbreath prepared an affidavit and a search warrant, and took them to Judge Quattlebaum. Culbreath and Judge Quattlebaum discussed the evidence, including the

information provided by the confidential informant, and Judge Quattlebaum determined that probable cause existed to issue the warrant.  Upon reviewing the totality of the circumstances, this Court agrees that probable cause did exist to issue the search warrant.

Even if probable cause did not exist, the good faith exception as provided in *United States v. Leon* would save the evidence from exclusion.  468 U.S. 897, 922 (1984).  Evidence obtained by an officer in objectively reasonable reliance on a magistrate's probable cause determination should not be excluded, even when the warrant relied upon is subsequently invalidated.  *United States v. Leon*, 468 U.S. 897, 922 (1984).  The good faith exception as set out in *Leon* requires suppression "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."  *Id.* at 926.  A warrant containing merely a bare-bone statement of conclusory allegations will not receive the benefit of the good faith exception.  *United States v. Martin*, 297 F.3d 1308, 1313-14 (11th Cir. 2002).

Stoudemire's only argument against the application of the *Leon* exception is that the mismatched signatures on the affidavit and search warrant demonstrate some dishonesty or recklessness in the preparation of the affidavit and warrant.  As the Court has already found that Judge Quattlebaum's signatures on the affidavit and search warrant are legitimate, this argument fails.  The Court is satisfied that the affidavit is not of the "bare-bone" variety described in Martin, and that it provided sufficient information on which a finding of probable cause could be made.

Accordingly, it is hereby

ORDERED that the motion is DENIED.

DONE this the 21st day of September, 2010.

                                               /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE